

ENTERED
02/12/2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| GUADALUPE S. GARZA § | CASE NO: 16-70444 | |
|     Debtor § | | |
| § | CHAPTER 13 | |
| _____ § | | |
| GUADALUPE S. GARZA § | | |
|     Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 17-7001 | |
| § | | |
| CMM ENTERPRISES, LLC D/B/A CAR § | | |
| MART MOTORS #2, *et al* § | | |
|     Defendants § | Judge Eduardo V. Rodriguez | |

## MEMORANDUM OPINION
*Resolving ECF No. 85*

Pending before the court is Kellett & Bartholow PLLC and Pulman, Cappuccio, and Pullen, LLP's ("*K&B*" and "*Stone Curtis*," collectively known as "*Applicants*") fee application, and CMM Enterprises, LLC d/b/a Car Mart Motors #2's ("*CMM*" or "*Defendant*") response to the fee application. After considering the documents, evidence, and applicable law, the Court finds that the fee application should be modified as follows: Stone Curtis should be awarded reasonable and necessary attorney's fees in the amount of $3,973.00 and expenses in the amount of $34.58, and K&B should be awarded reasonable and necessary attorney's fees in the amount of $69,787.00 and expenses in the amount of $9,740.39.

### I.     FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes

a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

On July 25, 2019, this Court found that CMM willfully violated the automatic stay under 11 U.S.C. § 362(k) and § 392.301(a)(8) of the Texas Debt Collection Act.[1] The Court awarded damages and reasonable attorney's fees and costs, and invited K&B and Stone Curtis to file a fee application.[2] K&B and Stone Curtis filed their fee application on August 22, 2019."[3] On September 11, 2019, CMM filed its response.[4] Although CMM's document is styled as a response, it is for all intents and purposes an objection to the application, and this Court shall treat it as such. This Court held a hearing on the fee application and objection on January 7, 2020. At the conclusion of the hearing, the Court took the fee application under advisement. The Court now issues its instant Memorandum Opinion.

## II.     CONCLUSIONS OF LAW

### A.  Jurisdiction, venue, and constitutional authority to enter a final order

The Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[5] Venue is governed by 28 U.S.C. §§ 1408, 1409, and is proper in this case. Because this Order supplements the Court's July 25, 2019 order to the extent it determines reasonable attorney's

---

[1] ECF Nos. 70, 71.
[2] *Id.*
[3] ECF No. 85.
[4] ECF No. 86.
[5] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

fees, the matter is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has the constitutional authority over which to enter a final order.

### B. Attorney's fees

11 U.S.C. § 362(k)(1) states that "an individual injured by any willful violation of a stay provided by this section shall recover . . . costs and attorney's fees . . . ."[6] The party seeking payment of attorney's fees bears the burden in showing that the hours requested are reasonable.[7]

When a federal statute provides for attorney's fees, the Fifth Circuit uses the "lodestar" method to determine whether such fees are reasonable.[8] The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work.[9] There a strong presumption of the reasonableness of the lodestar amount.[10] However, after calculating the lodestar fee, the Court has discretion to adjust that fee upwards or downwards based upon the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*[11] The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[12]

The lodestar method is presumed to account for four of the twelve *Johnson* factors—(2) the

---

[6] *See also In re Repine*, 536 F.3d 512, 522 (5th Cir. 2008).
[7] *In re Skyport Global Communications, Inc.*, 450 B.R. 637, 648 (Bankr. S.D. Tex. 2011).
[8] *In re Cahill*, 428 F.3d 536, 540 (5th Cir. 2005); *Shipes v. Trinity Indus.*, 987 F.2d 311 (5th Cir. 1993).
[9] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).
[10] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).
[11] 488 F.2d 714 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).
[12] *Johnson*, 488 F.2d at 717–19.

novelty and complexity of the issues; (3) the special skill and experience of counsel; (8) the results obtained from litigation; and (9) the quality of representation.[13] The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar.[14] Additionally, the fee applicant bears the burden of demonstrating that an adjustment by application of the *Johnson* factors is necessary to calculate a reasonable fee.[15]

### C. Lodestar method

#### 1. Prevailing hourly rates

This Court first calculates the prevailing hourly rate. Reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant community.[16] Out-of-town counsel may be entitled to the rates they charge in their home districts under certain limited circumstances.[17] The circumstances include whether hiring out-of-town counsel was reasonable in the first instance, and then whether the rates sought by out-of-town counsel are reasonable for an attorney of his or her degree of skill, experience, and reputation.[18] This Court is entitled to rely on its knowledge of customary billing practices in the relevant community to determine a reasonable rate.[19]

Here, the relevant community is the Rio Grande Valley ("*RGV*"). K&B is a Dallas, Texas based law firm, and Stone Curtis is a San Antonio, Texas based law firm with an office in McAllen Texas. K&B charges the same rates in both Dallas and in the RGV. K&B's rates are nearly doubled what Stone Curtis typically charges. Applicants provided the following rates:

---

[13] *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 659 (5th Cir. 2012); *Matter of Fender*, 12 F.3d 480, 488 (5th Cir. 1994) (quoting *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)).
[14] *Saizan*, 448 F.3d at 800. *But see Shipes*, 987 F.2d at 320 ("Although upward adjustments of the lodestar figure based on these [four] factors are still permissible, such modifications are proper only in certain rare and exceptional.
[15] *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 586 F. Supp. 2d 732, 755 (S.D. Tex. 2008).
[16] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).
[17] *Id.* at 382.
[18] *Id.*
[19] *In re Lawler*, 807 F.2d 1207, 1212 (5th Cir. 1987).

1. K&B's Hourly Rates
    a. Batholow - $400/hour and $200/hour (travel rate)
    b. Wells - $300/hour and $150/hour (travel rate)
    c. Daun (paralegal) - $100/hour
    d. Parry (paralegal) - $100/hour

2. Stone Curtis' Hourly Rates
    a. Curtis - $275/hour
    b. Stone - $350/hour
    c. Trevino (paralegal) - $95/hour
    d. Resendez (paralegal) - $95/hour[20]

The Court begins by noting that the case at bar is not a bankruptcy case, but rather an adversary proceeding arising out of a bankruptcy case containing core bankruptcy claims and state law causes of action.[21] As a sitting bankruptcy judge in the McAllen, Brownsville, and Houston Divisions, as well as a former bankruptcy practitioner in the RGV, the undersigned judge is well aware of the unique nature of bankruptcy adversary proceedings in the RGV. K&B has on many occasions represented RGV consumer clients in adversaries involving both bankruptcy and state law causes of action.[22] Stone Curtis are all capable, successful bankruptcy attorneys in the RGV, but do not maintain the resources to appropriately litigate a case such as Plaintiff's and manage their significant bankruptcy practice.[23] Despite being out-of-town counsel, it was reasonable for Plaintiff to hire K&B in this case.

Regarding the reasonableness of K&B's out-of-town rates, this Court notes Mr. Bartholow and Ms. Wells' experience in consumer litigation. Both have appeared many times before this Court and within this District, and are capable attorneys.[24] K&B has also reduced all

---

[20] *See* Pl.'s Ex. 1 at 12.
[21] *See* ECF No. 1.
[22] *See* Pl.'s Exs. 5, 6, 7.
[23] *See* Bankr. ECF No. 18.
[24] *See* Pl.'s Exs. 5, 6.

time entries associated with travel, which is an acceptable billing standard in bankruptcy cases.[25] The Court finds that K&B's out-of-town rates are commensurate with the reasonable rates charged, and are reasonable for the lodestar calculation. The Court also finds that Stone Curtis' hourly rates are reasonable.

    **2. Hours**

This Court next turns to the reasonableness of hours. K&B's fee application requested compensation of 353.1 attorney hours and 51.8 paralegal hours, totaling $93,610.00, and reimbursement for expenses totaling $9,740.39.[26] However, during the fee application hearing, Ms. Wells informed the Court that there was a miscalculation, and that the actual amount requested for K&B's fees was $80,435.00.[27] As such, any modifications to K&B's fees under either the lodestar method or *Johnson* factors will be from $80,435.00, and not $93,610.00. Stone Curtis' fee application requested compensation of 14.08 attorney hours and 1.2 paralegal hours, totaling $4,593.50, and reimbursement for expenses totaling $34.58.[28]

Regardless of objections to fee applications, or lack thereof, the Court's duty is to examine the application for noncompensable hours.[29] "Time entries that do not provide sufficient detail to determine whether the services described are compensable may be disallowed due to vagueness."[30] Additionally, time entries may be vague if multiple services are lumped together without noting the time spent on each individual task listed.[31]

    **i. Paralegal hours**

---

[25] *See In re Babcock & Wilcox Co.*, 526 F.3d 824 (5th Cir. 2008).
[26] Pl.'s Ex. 1.
[27] Hearing at 9:38:20, *Garza v. CMM Enterprises, LLC, d/b/a Car Mart Motors #2* (*In re Garza*), No. 17-7001 (Bankr. S.D. Tex. Jan. 7, 2020).
[28] Pl.'s Ex. 1.
[29] *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).
[30] *In re Digerati Tech., Inc.*, 537 B.R. 317, 333 (Bankr. S.D. Tex. 2015) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).
[31] *Id.* at 334.

K&B and Stone Curtis included paralegal fees within their application.[32] Paralegal work can be recovered as attorney's fees if the work is legal rather than clerical.[33] However, expenses that are not in the nature of professional services are separately unrecoverable overhead expenses.[34]

Randi Daun and Megan Parry are paralegals at K&B.[35] After reviewing K&B's fee application, the Court finds that the following time entries are ministerial tasks,[36] and should be disallowed:

1. Entry 12/11/2017: "Gather and print documents in preparation for deposition."
2. Entry 12/13/2017: "Deposition preparation."
3. Entry 04/12/2018: "Serve order setting hearing, draft and file certificate of service."
4. Entry 04/13/2018: "Prepare W&E list for hearing on motion to retain jurisdiction."
5. Entry 04/17/2018: "Edit W&E list for hearing on motion to retain jurisdiction."
6. Entry 04/18/2018: "Prepare exhibit binders."
7. Entry 04/18/2018: "Print and prepare Defendants' exhibit binder."
8. Entry 06/05/2018: "Draft witness and exhibit list."
9. Entry 06/08/2018: "Review of all documents and edit witness & exhibit list."
10. Entry 07/12/2018: "Edit, finalize, and file trial exhibit list."

The Court finds that the following time entries are vague and/or are lumped together, and should be reduced by 30%:

1. Entry 11/15/2017: "Index Production from CMM."
2. Entry 12/20/2017: "Prepare agreed motion to extend deadlines."
3. Entry 02/23/2018: "Prepare motion to retain jurisdiction."
4. Entry 04/17/2018: "Format and prepare letter to CMM for settlement demand."
5. Entry 05/30/2018: "Prepare motion to extend deadline."
6. Entry 07/17/2018: "Prepare draft pretrial order."
7. Entry 07/19/2018: "Work on pretrial order."
8. Entry 08/29/2018: "Research and begin preparation of pre-trial brief."

---

[32] *See* Pl.'s Ex. 1.
[33] *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).
[34] *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982); *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).
[35] Pl.'s Ex. 1.
[36] Tasks that are simple and require no advanced education or abilities are ministerial. Ministerial tasks include but are not limited to typing, file organization, document preparation, and searching or filing documents on PACER.

    9. Entry 09/05/2018: Continue case review and preparation of trial brief."

Aracely Trevino and Julisa Resendez are paralegals at Stone Curtis.[37] After reviewing Stone Curtis' fee application, the Court finds that the following time entries are ministerial tasks, and should be disallowed:

1. Entry 10/19/2016: [P]repared; filed notice of Proof of Insurance; served Creditor '[sic] CarMart Motors #2.' "
2. Entry 10/21/2016: "[A]ssist with creating the demand letter; prepare the [sic] spanish translation; fax and overnight letter."
3. Entry 01/04/2017: "[F]orward all notice letters to Caitlyn and . . . ."
4. Entry 01/05/2017: "[P]DF's saved and forward copy of filed adversary complaint to client via email."

### ii. Attorney hours

Defendant argues that K&B's time entries are "vague and fail to provide sufficient detail to determine whether the services described are compensable."[38] After reviewing K&B's fee application, the Court finds the following time entries are vague or lumped together, and should be reduced by 30%:

1. Entry 01/05/2017: "Edit complaint and attention to exhibits."
2. Entry 03/23/2017: "Attend Rule 26 conference with C. Cheatham. Edit and circulate revised draft report."
3. Entry 12/18/2017: "Prepare for deposition of CMM and Jesus Sanchez."
4. Entry 01/17/2018: "Review exhibits for deposition Friday. Email correspondence with A. Villeda regarding same."
5. Entry 01/18/2018: "Attention to replacement exhibits. Email correspondence to A. Villeda regarding same."
6. Entry 07/20/2018: "Edit draft pretrial order, including review of document production and answer to complaint."
7. Entry 08/30/2018: "Continue draft on legal conclusions draft, conferences with CNW."
8. Entry 11/02/2018: "Continue preparing for trial."
9. Entry 11/04/2018: "Continue preparing for trial."
10. Entry 11/04/2018: "Work on trial plan, examination of witnesses, and evaluate objections asserted by Defendants, evaluate damages potential."
11. Entry 11/05/2018: "Continue preparing for trial."

---

[37] Pl.'s Ex. 1.
[38] *See* ECF No. 86.

12. Entry 11/06/2018: "Prepare for trial, attend trial, and prepare for day 2 of trial."
13. Entry 11/06/2018: "Prepare for and attend trial."
14. Entry 11/07/2018: "Prepare for and attend trial."
15. Entry 11/07/2018: "Prepare for and attend trial."
16. Entry 11/30/2018: "Prepare for continued trial."
17. Entry 12/02/2018: "Continue preparing for trial, including preparation of closing arguments."
18. Entry 12/03/2018: "Prepare for and attend continued trial."
19. Entry 12/03/2018: "Prepare for and attend final day of trial / closing arguments with CNW."

After reviewing Stone Curtis' fee application, the Court finds the following time entries are vague or lumped together, and should be reduced by 30%:

1. Entry 10/19/2016: "[A]ttention to calling car creditor Car Mart, left VM, reviewed notice letter; review draft of AP."
2. Entry 10/19/2016: "[A]ttention to calling car creditor Car Mart, left VM, reviewed notice letter; review draft of AP."
3. Entry 10/20/2016: "[A]ttention to all matters relating to car repo, first contact with creditor, letters sent, strategy; review recent repo case from Houston."
4. Entry 11/30/2016: "[R]eview status of adversary, whether case filed; discuss with CC."
5. Entry 12/05/2016: "[R]eview status of adversary filing; review email from Trustee re 341."
6. Entry 02/08/2017: "[T]/c with KK, review docket."
7. Entry 02/16/2017: "[R]eview letter to Antonio Villeda, email from Caitlyn, response from AV."

After accounting for the lodestar method, the Court finds that Stone Curtis should be awarded reasonable and necessary fees in the amount of $3,973.00 and expenses in the amount of $34.58, and K&B should be awarded reasonable and necessary fees in the amount of $69,787.00 and expenses in the amount of $9,740.39. The Court now directs its attention to the *Johnson* factors.

**D. Johnson factors**

The Court begins by noting the strong presumption of the reasonableness of the lodestar amount, and the fact that Applicants must demonstrate a necessary adjustment to calculate a

reasonable fee.[39]

Regarding the first factor, time and labor required, the Court notes that while this case revolved around a § 362 stay violation, there was litigious activity since the incipiency of the case in 2017. Because of the frequency of hearings, K&B, as out-of-town counsel, incurred substantial costs travelling down to the RGV for hearings in front of this Court. Although K&B's attorney's fees were high, this Court notes that K&B has consistently provided specialized, competent, and diligent representation for this particular plaintiff. The Court finds that the extensive time and labor present here is adequately represented in the lodestar analysis. The second and third factors, novelty and difficulty of the questions, and skill requisite to perform the legal services properly, are subsumed by the lodestar method. Under the fourth factor, preclusion of other employment by attorney due to the case, Applicants presented no evidence that would merit a departure from the lodestar method.

Under the fifth factor, the customary fee, the Court found that the rates charged by Plaintiff's counsel are the customary rates that counsel charges for this type of specialized work. Regarding the sixth factor, whether the fee is fixed or contingent, Plaintiff's counsel stated that notwithstanding the fact that Plaintiff agreed to pay counsel on an hourly basis, for all intents and purposes, it is a contingent fee, as Plaintiff's counsel will receive no additional compensation beyond an award of attorney's fees and expenses.[40] The Court does not find a departure from the lodestar method reasonable under factor six. Under factor seven, time limitations, the Court does not find it relevant, as any time limitations imposed were not out of the ordinary for similar § 362 stay violation proceedings.

Factors eight and nine, the amount involved and results obtained, and the experience,

---

[39] *Perdue*, 559 U.S. at 552; *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 586 F. Supp. 2d at 755.
[40] Pl.'s Ex. 1 at 21.

reputation, and ability of counsel, are subsumed by the lodestar method. Factor ten, the undesirability of the case, the Court notes that while adversary proceedings in the consumer context can be at risk for lack of compensation, the Court does not find a departure from the lodestar method reasonable nor necessary. Regarding factor eleven, the nature and length of the professional relationship with the client, the Court does not find this factor relevant. Lastly, factor twelve, awards in similar cases, the Court finds that although the requested lodestar fee award here is higher than other similar cases,[41] the facts of this case warrant the amount of fees requested.

After reviewing the *Johnson* factors, the Court finds that no basis exists to depart from the lodestar method. Applicants provided an important function by securing relief for Plaintiff—both in the bankruptcy and adversary proceeding context—and as such, this Court should award Stone Curtis reasonable and necessary attorney's fees in the amount of $3,973.00 and expenses in the amount of $34.58, and K&B reasonable and necessary attorney's fees in the amount of $69,787.00 and expenses in the amount of $9,740.39.

### E. Objections

Defendant listed several objections to Plaintiff's fee application. To the extent that the objections were not disposed of at the hearing, the Court discusses each of them in turn below.

#### 1. Whether attorney's fees are awarded properly under the TDCA[42]

Defendant argues that because no actual damages were awarded by the Court under the

---

[41] *See Johnson v. Magee Rentals, Inc.* (*In re Johnson*), 478 B.R. 235 (Bankr. S.D. Miss. 2012) (awarding $3,300 in damages, and $13,215.00 in attorney's fees); *Collier v. Hill* (*In re Collier*), 410 B.R. 464 (awarding $5,820 in damages, and $16,000 in attorney's fees); *Mitchell v. BankIllinois*, 316 B.R. 891 (S.D. Tex. 2004) (awarding $1972.47 in damages, and $6,548.50 in attorney's fees).
[42] Texas Debt Collection Act.

TDCA, Plaintiff may not recover attorney's fees.[43] However, Defendant misinterprets the Court's holding. The TDCA in part provides:

(a) A person may sue for:
 (1) Injunctive relief to prevent or restrain a violation of this chapter; and
 (2) actual damages sustained as a result of a violation of this chapter.
(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs.[44]

The Court held in its Memorandum Opinion that Defendant violated the TDCA under § 392.301(a)(8).[45] Defendant's violation of § 392.301(a)(8) directly resulted in Plaintiff having to spend $1,000 in securing new transportation.[46] Thus, "actual damages [were] sustained as a result of a violation of [392.301(a)(8)]."[47] Defendant's cite to *Naranjo v. Universal Sur. Of America*,[48] noting that "Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [TDCA],'"[49] is irrelevant. Defendant violated the TDCA, and Plaintiff proved actual damages in the amount of $1,000. Regardless of the fact that the Court awarded $1,000 to Plaintiff under 11 U.S.C. § 362(k) and not § 392.403, Plaintiff's actual damages allows the Court to award attorney's fees under § 392.403(b).

**2. Whether certain fees should not be awarded due to non-acceptance of offer**

Defendant next argues that under Rule 68 of the Federal Rules of Civil Procedure, Plaintiff must pay all costs incurred after the March 23, 2017 settlement offer was made.[50] Rule 68(d) provides: "[i]f the judgment that the offeree finally obtains is not more favorable than the

---

[43] *See* ECF No. 86 at 2.
[44] TEX. FIN. CODE ANN. § 392.403.
[45] ECF No. 70.
[46] *Id.* ("Garza's only evidence of actual damages is the $1,000 she spent on acquiring new transportation . . . .").
[47] TEX. FIN. CODE ANN. § 392.403(a)(2).
[48] 679 F. Supp. 2d 787, 801 (S.D. Tex. 2010).
[49] *Naranjo*, 679 F. Supp. 2d at 801 (citing *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 31 (Tex.App.—Tyler 2000, no pet.)).
[50] ECF No. 86.

unaccepted offer, the offeree must pay the costs incurred after the offer was made."[51] Rule 68 is a mandatory rule that is to be narrowly applied, and compares two clearly defined amounts: the amount of an offer of judgment, and the amount of the judgment.[52] On March 23, 2017, Defendants' offered $3,000.00 to Plaintiff.[53] The Court awarded Plaintiff $7,000.00.[54] On its face, the judgment that Plaintiff obtained was more favorable than the unaccepted offer. Defendant's argument that Rule 68(d) applies is unsupported by the facts of the case and applicable fifth circuit[55] authority, and as such, the Court declines Defendant's invitation to invoke Rule 68(d).

### 3. Whether Plaintiff mitigated damages

Defendant next argues that under § 362(k), Plaintiff had a special duty to mitigate her damages and accept Defendants' March 23, 2017 settlement offer.[56] Because Plaintiff did not accept Defendant's March 23, 2017 settlement offer, Defendant contends that the Court should drastically reduce the attorney's fees to reflect a reasonable relationship to the amount of in controversy.[57]

Defendant's assertion that § 362(k) contains a special duty to mitigate damages is intriguing. Defendant's cited case law leads the Court to *In re Roman*, which involved a lengthy discussion regarding attorney's fees under § 362(k).[58] *In re Roman* stated that "in determining reasonable damages under [§ 362(k)], the bankruptcy court must examine whether the debtor

---

[51] FED. R. CIV. P. 68(d).
[52] *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 870 (5th Cir. 1986); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 334 (5th Cir. 1995).
[53] Def's. Ex. 1.
[54] ECF No. 71.
[55] *See Johnston*, 803 F.2d at 870; *Louisiana Power & Light Co.*, 50 F.3d at 334.
[56] ECF No. 86.
[57] *Id.*
[58] 283 B.R. 1 (B.A.P. 9th Cir. 2002).

could have mitigated the damages."[59] If this Court stopped reading there, Defendant's assertion might give some credence to the claim there is a special duty to mitigate. Reading the case in full however, *In re Roman* held that an assertion of a duty to mitigate does not allow one who willfully violated the automatic stay to deflect blame for damages it caused.[60] It also cited approvingly to *Nissan Motor Acceptance Corp. v. Baker*,[61] which held that the creditor's argument that debtors failed to mitigate their damages "ignores the crucial, undisputed fact that Appellant willfully violated the stay."[62]

Any attempt by Defendant to deflect blame onto Plaintiff for failing to mitigate damages is completely overshadowed by Defendant's willful violation of the automatic stay. Further, no evidence was presented that Plaintiff's counsel sat on their hands with the intention of racking up attorney's fees. On the contrary, Plaintiff's counsel was diligent in their representation. Repeated calls and requests were made to Defendants to return Plaintiff's vehicle.[63] Assuming arguendo, that evidence was presented showing that Plaintiff's counsel failed to mitigate damages, calculating attorney's fees under the lodestar method gets the Court to the reasonable amount.[64]

### 4. Whether attorney's fees are proportional to amount of relief awarded

Regarding Defendant's argument about proportionality, while there is no per se proportionality rule in an award of attorney's fees,[65] there are certain ratios "simply too large to allow the fee

---

[59] *In re Roman*, 283 B.R. at 12.
[60] "The first factor, in determining reasonableness, is to ascertain whether the creditor or the debtor created the injury." *Id.*
[61] 239 B.R. 484, 490–91 (N.D. Tex. 1999).
[62] *Nissan Motor Acceptance Corp.*, 239 B.R. at 490–91.
[63] *See* ECF No. 70 at 2–3.
[64] *See Perdue*, 559 U.S. at 552 (holding that there is a strong presumption of reasonableness of the lodestar amount).
[65] *Saizan*, 448 F.3d at 802; *see Combs v. City of Huntington, Texas*, 829 F.3d 388, 397 (5th Cir. 2016) (vacating district court's reduction of attorney's fees to less than 6.5 times the actual damages awarded, because district court improperly imposed a proportionality requirement).

award to stand."[66] During the fee application hearing, Defendant argued that Plaintiff's ratio of attorney's fees to amount of relief awarded was too large to stand. In support of their argument, Defendant cited *Gagnon v. United Technisource, Inc.*[67] for the proposition that a fee award that was more than six times greater than the amount of relief awarded was an abuse of discretion. Defendant's argument is misplaced. In *Gagnon*, the Fifth Circuit remanded the case back to the district court for failure to provide any indication that it considered the *Johnson* factors at all.[68] In awarding reasonable and necessary attorney's fees and expenses in the instant case, this Court has carefully considered and weighed the *Johnson* factors above. Therefore, Defendant's argument fails.

### 5. Whether fees should be disallowed for issues Plaintiff did not prevail

Defendant next argues that the Court should disallow fees for issues that Plaintiff did not prevail on and did not delineate.[69] The Court found that Plaintiff prevailed on both the § 362(k) and TDCA claims;[70] Defendant's claim that Plaintiff did not prevail on her TDCA claim is manifestly wrong. Regarding delineation, the Court conducted a thorough review of Plaintiff's fee application, and deducted time entries according to the lodestar method. Noting the strong presumption of the reasonableness of the lodestar amount, the Court declines Defendant's invitation to deduct further fees.

### 6. Whether fees sought by Stone Curtis should be disallowed

---

[66] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (holding that 26 to 1 ratio of attorney's fees to damages actually awarded was abuse of district court's discretion); *see Saldivar v. Austin Independent School District*, 675 F. App'x. 429, 432 (5th Cir. 2017) (noting that district court faithfully applied holding from *Migis* in finding that ratio of 79 to 1 was too large to allow to stand).
[67] 607 F.3d 1036, 1044 (5th Cir. 2010).
[68] *Id.* ("To be clear, this conclusion in no way implies that the attorney's fee award, if justified by a proper explanation, would be an abuse of discretion. It simply indicates that, without any factual findings, it is impossible to determine whether the district court sufficiently considered the appropriate criteria.") (internal quotation marks omitted).
[69] ECF No. 86.
[70] ECF No. 70.

Defendant's last argument is that any fees sought by Stone Curtis should be disallowed as Catherine Curtis did not seek approval from the Court to be employed as counsel in the adversary proceeding. Here, Stone Curtis fulfilled its duty to disclose its compensation within the bankruptcy case.[71] The disclosure did not contain any exceptions to work to be performed. The fees Stone Curtis sought to recover were performed in connection with Plaintiff's chapter 13 case, and were related to Defendant's violation of the automatic stay. Stone Curtis properly sought application to employ special counsel, properly disclosed its representation agreement between it and K&B, and did not contain a fee sharing provision. The Court therefore finds that Stone Curtis was properly employed and should be awarded reasonable and necessary attorney's fees and expenses.

### III.   CONCLUSION

Accordingly, the Court finds that:

1. CMM's objections to K&B and Stone Curtis' fee application should be OVERRULED IN PART AND SUSTAINED IN PART.

2. Stone Curtis should be awarded reasonable and necessary attorney's fees in the amount of $3,973.00 and expenses in the amount of $34.58;

3. K&B should be awarded reasonable and necessary attorney's fees in the amount of $69,787.00 and expenses in the amount of $9,740.39;

4. Interest shall accrue at 1.49%[72] until paid.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

Signed: February 12, 2020

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[71] Def.'s Ex. 6.
[72] UNITED STATES DISTRICT & BANKRUPTCY COURT – SOUTHERN DISTRICT OF TEXAS, https://www.txs.uscourts.gov/page/post-judgment-interest-rates (last visited Feb. 11, 2020).